M. F. Galvin and John C. Healy, for Defendant.

---

(Hamilton Co. Court of Common Pleas.)
1899.

JOHN S. CONNER v. D. D. BRAMBLE.

A trustee of the mortgage and bonds of a corporation has no legal capacity as such after foreclosure and sale of the mortgaged property to maintain an action on behalf of the bondholders for a personal judgment against one who had promised the corporation to assume the bonds.

SPIEGEL, J.

The William G. Fischer Manufacturing Company, on April 1, 1890, issued and sold bonds due in ten years from date with six per cent. interest payable semi-annually, payable to John S. Conner, trustee, or bearer, and reciting therein that they are secured by a trust deed, or mortgage, to said trustee, and called therein the first mortgage bonds; and at the same time executed to said trustee its mortgage securing the bonds, which mortgage contained a clause giving the trustee an option to declare the entire issue due after thirty days' default of interest, and to sell under the trust deed. No interest was paid by the

company after October 1, 1892, and the company, on October 12, 1892, assigned for the benefit of creditors, and the assignee, on November 4, 1892, sold the property to the defendant herein, and the court confirmed the sale. The conveyance to defendant was on terms of which one was as follows; viz., he "hereby agrees and assumes to pay as a part of the consideration for said sale and transfer, the principal sum of $20,000 and all interest accruing hereafter thereon of the bonded indebtedness of said company, which is secured by first mortgage upon said property. Defendant has defaulted in payment of the interest on said bonds, and the trustee declared the whole debt due, and brought a foreclosure suit and recovered judgment on the bonds and interest for $20,900", but has not sold the property, which is now in possession of a receiver of the corporation to whom the defendant had conveyed it. And said trustee now sues defendant on his covenant in said deed for said sum of $20,900 and interest thereon.

Subsequently the receiver sold the property, under order of court, but it realized but little, and left the bonded debt unpaid to the amount of $19,800, and interest.

The defendant, among other things, relies on the statute of frauds, because he signed no promise to pay the company's bonds. This defense is not good, for it is not a promise to pay another's debt, but a consideration of his purchase to be paid in a particular way, viz., by paying such bonds.

Swihart v. Shaum, 24 Ohio St., 452-36; Laws v. Scales, 1 Bulletin, 314; Teeters v. Lamson, 43 Ohio St., 144; Cushman v. Garrison, 2 Superior Ct. Reporter, 145.

The defendant makes two other points:

First. That no action lies until the bonds mature by their terms irrespective of the precipitated maturity provided for in the mortgage.

Second. That the trustee of the mortgage and bonds has no right of action for a personal judgment on the covenant; such right of action being in the individual holders of the bonds.

It is unnecessary to decide the first claim, for my conclusion on the second ends the cause; but were it otherwise, there is interest overdue, and a right of action at least to that extent.

As to the plaintiff's right to bring this action, I do not see how it can be sustained. He was trustee, it is true, of the bonds and mortgage, with power to foreclose, but the present action is not incidental to the foreclosure suit, but rests in the individual owners of the bonds as the only real parties in interest. It is true that the covenant to pay the bonds is, in form, a single promise. Had plaintiff been the promisee thereof, he might have maintained this action; but the promise was not made to him, but to the grantor. Each bondholder has his own right to sue or refrain from suing on his own bond and in any jurisdiction where he can find the defendant. There may be as many different defenses as there are bonds, such as compromises, payments, etc. Now, to allow this action would recognize two rights of action on the same liability, which can not be. It is no argument that the multiplicity of suits is avoided, for if a debtor issued a great many promissory notes to the same payee to sell or distribute to separate creditors, the saving of separate suits on each would not be a legal reason for permitting the payee to sue for all. The right of one person to sue for many only obtains in equity suits. The plaintiff's trusteeship does not extend to pursuing remedies at law outside of the mortgage and not secured by it.

The petition must be dismissed.

John S. Conner and A. J. Freiberg, for Plaintiff.

Howard Douglass and Geo. W. Harding, for Defendant.